IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

MARK & SHELLY UHRIG,

        Plaintiffs,        Civ. No. 10-3117-CL

    v.                              **ORDER**

GMAC MORTGAGE,

        Defendant.

---

**PANNER, J.**

Pro se plaintiffs Mark and Shelly Uhrig seek an *ex parte* temporary restraining order to enjoin the foreclosure sale of their house. Plaintiffs allege defendant GMAC Mortgage has not complied with the legal requirements for a valid foreclosure.

1 - ORDER

The Ninth Circuit has described the standards for deciding whether to grant a motion for a preliminary injunction:

> To obtain a preliminary injunction, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases. Under either formulation, the moving party must demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury.

<u>Big Country Foods, Inc. v. Bd. of Educ. of Anchorage Sch. Dist.</u>, 868 F.2d 1085, 1088 (9th Cir. 1989) (citations omitted). The standards for issuing a temporary restraining order are similar to those required for a preliminary injunction. <u>Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.</u>, 887 F.Supp. 1320, 1323 (N.D. Ca. 1995). A TRO may be issued *ex parte*. Fed. R. Civ. P. 65(b). A TRO is only valid for, at most, 14 days although the court may extend that time "for good cause." 65(b)(2).

Because the risk of irreparable harm to plaintiffs if defendant is allowed to proceed with an improper foreclosure sale is so great, and because the balance of hardships tilts overwhelmingly in plaintiffs' favor, I grant plaintiffs' request for a temporary restraining order (#2). Defendant is enjoined from carrying out a foreclosure sale of plaintiffs' property at 745 Bailey Drive, Grants Pass, Oregon, 97527 from this day until Monday, November 8, 2010 at 5:00 p.m. On Monday, November 8, 2010

at 1:30 p.m., this court will hold a hearing on whether to issue a preliminary injunction.

IT IS SO ORDERED.

DATED this 27 day of October, 2010.

*(signature)*

OWEN M. PANNER
U.S. DISTRICT JUDGE

3 - ORDER